UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAR 15 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| SOONER PIPE, L.L.C., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil No. SA-19-CV-0041-OLG |
| § | |
| LO TRANSPORT, INC., THE KEETON § | |
| COMPANIES, INC., and TOP § | |
| THREADING SERVICES, INC., § | |
| § | |
| *Defendants*. § | |

# ORDER

On this date, the Court considered the status of the above-captioned case, including Plaintiff's Motion to Refer to Bankruptcy Court Pursuant to Standing Order of Reference (docket no. 9) (the "Motion").

After careful consideration of the Motion and the record,[1] the Court finds that the Motion is meritorious and should be granted. In particular, the record indicates that this action is "related to a case under title 11," specifically the case styled as *In re LO Transport, Inc.*, Case No. 18-52579 in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Bankruptcy Proceeding").[2] Accordingly, the Court finds that the case should be

---

[1] Two of the three Defendants originally indicated that they were unopposed to the Motion. *See* docket no. 9 p. 5. The final Defendant, LO Transport, Inc., did not indicate whether or not it opposed the Motion. *See id.* In light of Defendants' non-unanimity and out of an abundance of caution, the Court provided all parties with an opportunity to respond to Plaintiff's Motion. No parties have indicated opposition in the five-week period since the Motion was filed. Accordingly, the Motion may be treated as unopposed. *See* Local Rule CV-7(i).

[2] This litigation involves, in part, determining the ownership of Oil Country Tubular Goods ("OCTG") that were in Defendant LO Transport, Inc.'s ("LO Transport") possession. Plaintiff contends that it is the owner of OCTG that LO Transport—the debtor in the Bankruptcy Proceeding—allegedly sold, in violation of the parties' bailment agreement. *See* docket no. 1-4.

referred to this District's Bankruptcy Court pursuant to 28 U.S.C. § 157[3] and this District's October 4, 2013 *Order of Reference of Bankruptcy Cases and Proceedings* (the "Standing Order"). Although the record indicates that this action *may* constitute a "core" proceeding for the purposes § 157(b),[4] the Court will permit the Bankruptcy Court to make that determination pursuant to § 157(b)(3).[5]

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's Motion to Refer to Bankruptcy Court Pursuant to Standing Order of Reference is **GRANTED**, and—pursuant to this District's Standing Order—the case is **REFERRED** to the Honorable Craig A. Gargotta of the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

It is so **ORDERED**.

**SIGNED** this 15 day of March, 2019.

_____
ORLANDO L. GARCIA
Chief United States District Judge

---

[3] 28 U.S.C. § 157(a) states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district."

[4] "Core" proceedings include, among other things, "orders to turn over property of the estate," "proceedings to determine, avoid, or recover fraudulent conveyances," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." *See* § 157(b)(2)(E), (H), and (O).

[5] In the event the bankruptcy court determines that the action is not a "core" proceeding, § 157(c)(1) permits the bankruptcy court to hear non-core proceedings that are "otherwise related to a case under title 11" and submit proposed findings of fact and conclusions of law to the district court. The parties may object to those findings of fact and/or conclusions of law, and in the event any party objects, the district court will conduct a *de novo* review of the issues raised by the objection(s). *See id.* Alternatively, if the parties consent, § 157(d)(c)(2) permits the bankruptcy court to enter orders and judgments in non-core proceedings.